IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON CHEWNING,

    Plaintiff,

v.                                                                       Civil Action No. 2:16-CV-67

JOHN DOES, numbers one through
five and THE WEST VIRGINIA
REGIONAL JAIL AUTHORITY,

    Defendants.

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

The Plaintiff, Jason Chewing, a prisoner represented by counsel, brought a claim against several John Doe prison officials and the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA").

The Defendants filed [ECF No. 2] a Motion to Dismiss based on two theories. First, it is improper to sue John Doe defendants. Second, the WVRJCFA is an improper defendant because it is not a person. Subsequently, the Plaintiff filled [ECF No. 5] a Motion to Extend Deadline for Service of John Doe Defendants asking this Court to permit discovery before ruling on the Motion to Dismiss.

**II.    RECOMMENDATIONS**

    **A.**    The Defendants' [ECF No. 2] Motion to Dismiss should be **GRANTED** as to Defendant WVRJCFA.

    **B.**    The Defendants' [ECF No. 2] Motion to Dismiss should be **DENIED** without prejudice against the John Doe Defendants. The Plaintiff's [ECF No. 5] Motion for Extension of

Time should be **GRANTED**. The Plaintiff is permitted to conduct limited discovery in order to learn the true names of the John Doe Defendants. This limited discovery must be completed within fourteen days after the District Court adopts this Report and Recommendation. The Plaintiff must serve the John Doe Defendants within thirty days of learning their true identities.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.*

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### III. DISCUSSION

Part A of this section discusses the motion to dismiss regarding WVRJCFA. Part B discusses the Defendants motion to dismiss regarding the John Doe Defendants and the Plaintiff's Motion to Extend Deadline for Service of John Doe Defendants.

#### A. WVRJCFA

The Plaintiff alleges several violations of 42 U.S.C. § 1983 against WVRJCFA as well as a conspiracy claim and a demand for punitive damages. The Court **RECOMMENDS** that all of these claims be dismissed against WVRJCFA.

##### 1. 42 U.S.C. § 1983

The Plaintiff concedes that his 42 U.S.C. § 1983 claims are improper against WVRJCFA because WVRJCFA is not a person as required by § 1983. ECF No. 4 at 5. Therefore, these claims should be dismissed against WVRJCFA.

2. *Conspiracy*

The Complaint alleges that the Defendants conspired to deprive the Plaintiff of his West Virginia and United States Constitutional Rights by placing him in a jail cell with a known violent offender. Defendant WVRJCFA argues that "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." ECF No. 3 at 6 (citing *Hays v. Bankers Tr. Co.*, 46 F. Supp. 2d 490, 497 (S.D. W. Va. 1999)). Defendant WVRJCFA further argues that as a state agency it is similar in a legal sense to a corporation. And "[a] corporation can only act through its employees. Thus, to hold that a corporation can conspire with its employees would be to effectively hold that a corporation could conspire with itself." *Ridgeway Coal Co. v. FMC Corp.*, 616 F. Supp. 404, 408-409 (S.D. W. Va. 1985).

The Plaintiff argues that:

> WVRJA's assertion that a corporation cannot conspire with its officers ignores the "well-established" [exception] to the intra-corporate immunity doctrine. *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 544 (4th Cir. 1997). This well-established exception allows for corporations to be found liable for conspiring with its officers when the parties have an "independent personal stake" in the conspiracy. *Id.* Here, the facts as alleged in the Complaint make it plausible that this well-established exception applies. Until discovery is completed, whether or not this exception applies is a question of fact and is plausible on its face accepting the facts alleged in the Complaint as true.

ECF No. 4 at 6. The Court is unpersuaded by the Plaintiff's argument because he failed to plead a single fact that supports the theory that the referenced exception applies and the officers had an "independent personal stake" thus, the factual allegations do not raise a right to relief beyond mere speculation.

3. *Punitive Damages*

The Plaintiff concedes that his punitive damages claim cannot be sustained against WVRJCFA.  ECF No. 4 at 6.

### B. John Doe Defendants

The Defendants move to dismiss the John Doe defendants arguing that:

> "Where a party is not known or identified, a cause of action does not yet exist." *Price v. Marsh*, 2013 U.S. Dist. LEXIS 137153 (S.D. W. Va. Sept. 25, 2013). Similarly, "the idea of an unnamed defendant is contrary to the Federal Rules of Civil Procedure." *Id.* at *10. "Nowhere do the Rules allow or even mention actions against unnamed defendants." *Id.* at *11.

ECF No. 3 at 3-4. Indeed, the Fourth Circuit has noted that "[t]he designation of a John Doe defendant is generally not favored in the federal courts." *Njoku v. Unknown Special Unit Staff*, No. 99-7644, 2000 U.S. App. LEXIS 15695, at *2 (4th Cir. July 7, 2000). "However, [the Fourth Circuit] has nonetheless held that lawsuits against John Doe defendants are permitted where the 'true identity of an unnamed party can be discovered through discovery or through intervention by the court.'" *Price*, 2013 U.S. Dist. LEXIS 137153, at *19-20 (S.D. W. Va. Sep. 25, 2013) (quoting *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982).

Here, the Plaintiff's [ECF No. 5] Motion to Extend Deadline for Service of John Doe Defendants argues that discovery will reveal the true identities. The Court is persuaded by this argument because it is reasonably calculated that the prison has discoverable information regarding the identity of the officers. Therefore the Court **RECOMMENDS** that the Defendants' Motion to Dismiss be **DENIED** without prejudice as to the John Doe defendants. Moreover, the Plaintiff be permitted to conduct limited discovery in order to learn the true names of the Defendants. This limited discovery must be completed within fourteen days after the District Court adopts this Report and Recommendation.

Pursuant to Fed. R. Civ. P. 4(m) the Plaintiff has demonstrated good cause to extend the time limit for service. The Plaintiff must serve the John Doe Defendants within thirty days of learning their true identities.

**IT IS RECOMMENDED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: November 30, 2016  /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE